IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TED M. WILLIAMS,                )
                                )
            Plaintiff,          )
                                )
        vs.                     )   Civil Action No. 10-1263
                                )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
            Defendant.          )

ORDER

AND NOW, this 16th day of August, 2011, Plaintiff having filed a complaint seeking review of the determination of the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income benefits and the parties having submitted cross-motions for summary judgment, and upon consideration of the Report and Recommendation of the United States Magistrate Judge (document No. 15) ("Report and Recommendation") and Plaintiff's objections thereto (document No. 16), and after independent review of the pleadings, the administrative record, and the Report and Recommendation,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (document No. 13), filed in the above captioned case on April 18, 2011, is DENIED. IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (document No. 10), filed in the above-captioned matter on February 18, 2011, is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the

1

Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

Although the Report and Recommendation thoroughly sets forth the facts and legal standard applicable in this case, the Court does not adopt its ultimate finding that substantial evidence supports the decision of the Administrative Law Judge ("ALJ"). The Court, instead, finds that substantial evidence does not support the decision because the record is insufficient to support the ALJ's determination as to the weight, if any, to be assigned to Plaintiff's Global Assessment of Functioning ("GAF") scores, as well as to the opinion of Dr. Omar Bhutta, M.D. Accordingly, the Court will remand the case for further consideration.

Plaintiff argues, inter alia, that the ALJ failed to address Plaintiff's GAF scores in determining whether Plaintiff was disabled. Specifically, he argues that the ALJ did not address GAF scores of 50 and lower which were assigned to him by treating health care providers from December 1, 2005 through February 16, 2007. He asserts that these scores support the opinion of Dr. Bhutta, his treating psychologist, as well as Plaintiff's testimony of disabling symptoms.

The difficulty in a case like this is that GAF scores do not directly correlate to a determination of whether an individual is or is not disabled under the Act:

> The GAF scale, which is described in the DSM-III-R (and the DSM-IV), is the scale used in the multiaxial evaluation system endorsed by the American Psychiatric Association. It does not have a direct correlation to the severity requirements in our mental disorders listings.

2

65 Fed. Reg. 50746, 50764-65. While under certain circumstances a GAF score can be considered evidence of disability, standing alone, a GAF score does not evidence an impairment seriously interfering with a claimant's ability to work. See Lopez v. Barnhart, 78 Fed. Appx. 675, 678 (10th Cir. 2003). GAF scores may indicate problems that do not necessarily relate to the ability to hold a job. See id.; Zachary v. Barnhart, 94 Fed. Appx. 817, 819 (10th Cir. 2004); Wilkins v. Barnhart, 69 Fed. Appx. 775, 780 (7th Cir. 2003); Howard v. Commissioner of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002); Power v. Astrue, 2009 WL 578478, at *8 (W.D. Pa. Mar. 5, 2009).

Indeed, a GAF score between 41 and 50 reflects "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) **OR** any serious impairment in social, occupational, **or** school functioning (e.g., no friends, unable to keep a job)." A GAF score between 31 and 40 reflects "some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) **OR** major impairment in several areas, such as work or school, family relations, judgment, thinking, **or** mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (4th ed., Text Rev. 2000). Accordingly, the mere fact that a treating mental health care provider assigned certain GAF scores would not necessarily indicate that Plaintiff is disabled.

Nonetheless, a GAF score is evidence that an ALJ should consider in determining a claimant's impairments and limitations in setting forth the claimant's residual functional capacity ("RFC") and in fashioning a hypothetical question to the vocational expert ("VE"). However, while a GAF score can assist an ALJ in understanding the limitations contained in the opinions of medical professionals, the actual number itself does little to describe the specific functional limitations caused by the claimant's impairments. See Howard, 276 F.3d at 241 ("While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy.").

Here, Dr. Bhutta submitted an August 24, 2007 opinion that Plaintiff was severely impaired in several areas. (R. 315-20). Contrary to Plaintiff's argument, the ALJ did not ignore this report, but rather rejected the opinion evidence. Part of the basis for this determination was that the August 2007 opinion was inconsistent with Dr. Bhutta's longitudinal office notes. The ALJ gave greater weight to those daily reports because they were generated for the purpose of treatment rather than merely to lend support to Plaintiff's disability claim. However, these daily reports contained various GAF scores ranging from 40 to 50. (R. 286-89). The ALJ did not address these scores in finding that the daily reports were inconsistent with Dr. Bhutta's August 2007 opinion.

Despite the ambiguity of GAF scores, the ALJ could not rely on those daily reports in rejecting Dr. Bhutta's opinion, yet fail to discuss GAF scores in those reports that may or may not support such reliance. This failure to acknowledge and discuss these scores leaves

4

open the possibility of several assumptions about Plaintiff's GAF scores. It could be inferred that the ALJ believed that the reports themselves indicated that the amorphous GAF scores were not evidence of occupational impairments or limitations. It could be that the ALJ felt that even GAF scores as low as those assigned to Plaintiff were inconsistent with the August 2007 opinion. It could be that he rejected the GAF score assessments altogether. This ambiguity renders the Court unable to adequately assess the weight, if any, assigned to these assessments, and, accordingly, whether the ALJ had an adequate basis for rejecting Dr. Bhutta's August 2007 opinion. Further discussion is needed to understand how the ALJ factored Plaintiff's GAF scores into his findings.

The Court acknowledges that GAF scores, which can mean many things, create something of a grey area in terms of disability determination. Further, the Court expresses no opinion as to whether the ALJ's treatment of Dr. Bhutta's opinion **could** be supported by the record. It is the need for further explanation that mandates the remand in this case. Indeed, it should be noted that there is actually some support for the proposition that a GAF score of 50 is a score which indicates the ability to perform some substantial gainful activity. See Hillman v. Barnhart, 48 Fed. Appx. 26, 30 n.1 (3d Cir. 2002).

Accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court, therefore, does not

adopt the findings in the Report and Recommendation, but rather remands this case to the Commissioner for further proceedings consistent with this Order.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record
        Magistrate Judge Robert C. Mitchell